PROB 12C-DC
(Rev. 11/10)



# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA PROBATION OFFICE

BRIAN D. SHAFFER • CHIEF UNITED STATES PROBATION OFFICER
E. BARRETT PRETTYMAN U.S. COURTHOUSE • 333 CONSTITUTION AVENUE, N.W. • SUITE 2214
WASHINGTON, D.C. 20001-2866 • TELEPHONE (202)565-1300

### U.S. Probation Office Petition
(Statement of Alleged Violation(s) of Supervised Release/Petition for Warrant/AO 442 attached)

| | |
|---|---|
| Sentencing Judge: | Dabney L. Friedrich<br>United States District Judge |
| Date: | 03/17/2025 |
| Name of Offender: | LANE, Ryan |
| Docket Number: | 1:20CR00117-002 |
| Offense: | Restricted Building or Grounds, 18 USC § 1752(a)(2) and (b)(2) |
| Original Sentence: | 11/10/2022: 60 months probation, $2,600 restitution, $25 special assessment. Special condition(s) as follows:<br><br>• financial disclosure<br>• financial restrictions<br>• financial payments<br>• financial payment schedule<br>• substance abuse testing<br>• no alcohol<br>• mental health treatment<br>• mental health medications<br>• re-entry progress hearing |
| Revocation Sentence: | 12/19/2023: 12 months less 93 days time served imprisonment, 12 months supervised release, $2,600 restitution, $25 special assessment. Special condition(s) as follows:<br><br>• financial disclosure<br>• financial restrictions<br>• pay restitution at a rate of no less than $50 monthly (held in abeyance 11/19/2025)<br>• substance abuse testing<br>• substance abuse treatment |

LANE, Ryan
Docket No: 1:20CR00117-002
Page 2

- no alcohol
- mental health evaluation and recommended treatment

Supervision Began:     09/12/2024

Supervision Expires:   09/11/2025

The probation officer believes Mr. Lane has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | **You must follow the instructions of the probation officer related to the conditions of supervision. (Standard Condition #13).** |

On or about January 13, 2025, January 23, 2025, January 27, 2025, and February 4, 2025, in Washington, D.C., Mr. Lane failed to follow instructions of the probation officer, in violation of Standard Condition No. 13. Evidence in support of this violation includes the testimony of the United States Probation Officer (USPO).

| Violation Number | Nature of Noncompliance |
|---|---|
| 2. | **You must undergo a mental health evaluation and participate in mental health treatment program if recommended by the provider. While in the program you must follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). (Special Condition)** |

On or about January 14, 2025, in Washington, D.C., Mr. Lane failed to comply with mental health treatment as instructed, in violation of a Special Condition. Evidence in support of this violation includes treatment records from Family & Medical Counseling Services (FMCS) and the testimony of the USPO.

| Violation Number | Nature of Noncompliance |
|---|---|
| 3. | **You must report to the probation officer as instructed. (Standard Condition #2).** |

On or about March 3, 2025, in Washington, D.C., Mr. Lane failed to report to the probation officer as instructed, in violation of Standard Condition No. 2. Evidence in support of this violation includes the testimony of the USPO.

**LANE, Ryan**
**Docket No: 1:20CR00117-002**
**Page 3**

### Sentencing Options

| | |
|---|---|
| Guideline Provisions: | Grade of Violation: C. USSG § 7B1.1(a)(2) |
| | Criminal History Category:  V |
| Imprisonment | 7 to 13 months. USSG § 7B1.4(a). Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. USSG § 7B1.3(a)(2). |

<u>Statutory Provisions</u>

| | |
|---|---|
| Imprisonment: | The maximum term of imprisonment upon revocation of supervised release is 60 months for a Class A felony. 18 USC § 3583(e)(3). |
| Supervised Release | The maximum term of supervised release is 60 months for a Class A felony. 18 USC § 3583(b)(1). |
| Reimposition of Supervised Release: | A term of supervised release may be reimposed following a revocation of supervised release. 18 USC § 3583(h) and USSG § 7B1.3(g)(2). |
| Factors for Consideration: | The Court is required to impose a sentence that is sufficient but not greater than necessary to comply with 18 USC § 3553(a). In addition to considering the applicable guidelines or policy statements issued by the U.S. Sentencing Commission, the Court must also consider the need to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Court shall also consider the nature and circumstances of the offense, the history and characteristics of the defendant. |

**Supervision Adjustment:** Mr. Lane's residence is unstable and his whereabouts are unknown. He is employed full-time as a stage crew member with Event Assist in Alexandria, VA. His special assessment is satisfied, and a DNA sample has been submitted. A criminal record check conducted on March 17, 2025, showed no unreported criminal activity.

**LANE, Ryan**
**Docket No: 1:20CR00117-002**
**Page 4**

Regarding his special conditions, Mr. Lane completed a substance abuse and mental health assessment on November 5, 2024, at FMCS. He was not recommended for counseling services, but to complete a psychological evaluation. On December 17, 2024, Mr. Lane completed a psychological evaluation which recommended him to begin 25 mg of Strattera to help manage his ADHD symptoms. All urinalyses have been negative for controlled substances, with the last test administered on September 23, 2024.

Regarding his noncompliance, the USPO attempted to contact Mr. Lane on the dates noted above via phone and text instructing him to contact the USPO with no response. On January 14, 2025, Mr. Lane was scheduled to meet with his Psychiatrist at FMCS to follow up on his medication adjustment, but he failed to report. Since then, FMCS have not been able to make successful contact with Mr. Lane. On February 20, 2025, the USPO sent a letter to Central Union Mission instructing Mr. Lane to report to the probation office on March 3, 2025, and he failed to report. The Court should acknowledge Mr. Lane's phone appears to be active and receiving calls as well as voicemails. In addition, Central Union Mission upholds the confidentiality of their residents, therefore preventing the USPO from communicating with the organization for Mr. Lane's benefit. On March 17, 2025, the USPO made successful contact with Mr. Lane's employer who confirmed that he is still employed with the organization and will notify Mr. Lane that we are attempting to reach him. Mr. Lane's last contact with the probation office was during his last Court appearance on November 19, 2024.

Based on his post-conviction risk assessment (PCRA) tool, Mr. Lane possesses a moderate risk of engaging in new criminal activity while in the community. His supervision dynamic risk factors are cognition, social network, and education/employment. He also presents elevated thinking styles of cutoff, entitlement, and Cognitive Indolence.

**Recommendation:** Issue a warrant, enter into NCIC, and schedule a hearing on violation of supervised release upon execution of the warrant.

I declare under penalty of perjury that the foregoing is true and correct.

By: _____  2025.03.18 18:20:49 -04'00'
Yana Brown                                              Date
United States Probation Officer
(202) 565-1342

Approved by: _____  2025.03.18 19:07:48 -04'00'
Sondrá A. Rhodes, Supervisory        Date
United States Probation Officer
(202) 565-1349